UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 17-CR-649-S1-02 |
| ANURAG DASS, a/k/a ANNA DASS | § | |

### PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Michael Day, Assistant United States Attorney, and the defendant, Anurag Dass, aka Anna Dass ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and/or 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

#### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts 18 and 27 of the Superseding Indictment. Count 18 charges Defendant with Kickbacks or Illegal Remunerations, in violation of Title 42, United States Code, Section 1320a-7b. Count 27 charges Defendant with Money Laundering, in violation of Title 18, United States Code, Section 1957. Defendant, by entering this plea, agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Superseding Indictment, or proved to a jury or proven beyond a reasonable doubt.

#### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 42, United States Code, Section 1320a-7b, is imprisonment of not more than 5 years and a fine of not more than $250,000.

1

Additionally, Defendant may receive a term of supervised release after imprisonment of 3 years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1957, is imprisonment of not more than 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of 3 years. Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as

denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Cooperation

5. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraph _____ of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to any violations of his/her conditions of release. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

   (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

   (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he/she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

## Waiver of Appeal and Collateral Review

7. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or

sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

10. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts 18 and 27 of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

11. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

12. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

13. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

15. Defendant is pleading guilty because he/she is in fact guilty of the charges contained in Counts 18 and 27 of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

The Federal Employees Compensation Act (FECA) provides monetary compensation, medical care, and vocational rehabilitation to civilian employees of the United States Government, including Postal Service employees, for disability due to personal injury or disease sustained while in the performance of duty. The FECA program is administered by the the Department of Labor Office of Workers' Compensation Programs ("DOL—OWCP") located in 12 district offices throughout the United States, and financed by the Employees' Compensation fund, which consists of funds appropriated by Congress, directly or indirectly, through a chargeback system and administrative fees to the various federal agencies, including the U.S. Postal Service and the U.S. Department of Labor.

Employees are entitled to receive all medical services, appliances or supplies which a qualified physician prescribes or recommends and which the DOL-OWCP considers necessary to treat the work-related injury.

The defendant ANURAG DASS, aka Anna Dass, was the manager and day-to-day operator of A&A Pain and Wellness Center, Inc. (A&A), located in Houston, Texas, within the Southern District of Texas.

It was a part of the conspiracy that the defendant would and did make payments for the referral of injured federal workers to A&A for health care services under the DOL-OWCP. Anna Dass and co-defendant Stephen Vincent Hunt would and did agree that Hunt would refer injured federal workers to A&A Pain and Wellness Center, Inc. to receive medical services. Anna Dass would subsequently pay Hunt kickbacks or illegal remunerations, in the form of checks, as referral fees based on the type and the amount of services that the federal worker, or claimant, received from A&A.

Specifically, on or about May 15, 2014, in the Houston Division of the Southern District of Texas and elsewhere, and within the jurisdiction of this court, Anna Dass conveyed check #104 to Hunt from Prosperity Bank account # ending 5815 in the amount of $7,710.00. The payment of remuneration was in return for Hunt referring individuals to A&A Pain and Wellness Clinic, Inc., as the designated healthcare provider, for the arranging for the furnishing and the furnishing of healthcare services, for which payment could be made in whole and in part under the federal healthcare provider program for federal employees administered by the DOL-OWCP.

Additionally, Anna Dass did knowingly engage and attempt to engage in a monetary transaction, by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally

8

derived property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18 United States Code, Section 1343. Specifically, Anna Dass submitted or caused others to submit fraudulent claims to the DOL-OWCP for physical therapy services that were not provided by licensed physical therapists and/or were not authorized by a physician as required by the DOL-OWCP. As a result of the fraudulent claims submitted by or on behalf of Anna Dass, A&A received $2,242,899.00 in reimbursements from the unlawful activity, which were transmitted by wire through electronic funds transfers, affecting interstate commerce. The DOL-OWCP deposited the fraudulent reimbursements into A&A's account with Prosperity Bank, account # ending 5815 and A&A's account with JP Morgan Case account # ending 7296. The funds from the criminally derived activity were transferred into other bank accounts and were ultimately transferred into Wells Fargo account # ending 6186. On or about July 6, 2017, Anna Dass made or caused to be made a $500,000 withdrawal from the Wells Fargo account # ending 6186 and subsequently deposited the money into Walls Fargo account # ending 8014. The monetary transaction, by and through Wells Fargo, a financial institution, involved more than $10,000 in proceeds of criminal activity, specifically wire fraud, in violation of Title 18, United States Code, Section 1343.

### Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a

transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

18. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21. Defendant agrees to pay full restitution to the victims <u>regardless</u> of the count of conviction. Specifically, Defendant stipulates and agrees that as a result of the criminal conduct described in the factual basis, the victim(s) incurred a monetary loss of approximately $2,242,899.00; and the Defendant acknowledges that the factual basis of this plea supports her admission that she caused that monetary loss as a result of her criminal conduct. Defendant agrees

as part of this plea agreement to a restitution order that she repay the victim(s) for the loss. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

Specifically, Defendant agrees (a) that the following seized property is subject to civil or criminal forfeiture as proceeds of health care fraud or wire fraud offenses or as property involved in money laundering; and (b) that she will consent if the United States elects to deposit the following funds into the Registry of the Court to be used towards restitution, although there is no guarantee that the funds or a portion thereof will be deposited and used for restitution; and (c) that in no case shall Defendant receive or retain any of the following funds:

1. $5,018.83 seized from a Wells Fargo bank account with an account number ending in 9544, held in the name of PAAAS Investments ("PAAAS Investments Account x9544").

2. $500,000.00 seized on or about November 29, 2017, which is traceable to the $1,130,184.57 deposited to PAAAS Investments Account x9544.

3. $625,000.00 seized on or about November 29, 2017, which is traceable to the $1,130,184.57 deposited to PAAAS Investments Account x9544.

4. $225,000 seized on or about December 12, 2017, which was traceable to funds transferred by Anurag Dass via cashier's check on or about October 2, 2017 (item 5 in the Superseding Indictment).

The parties note that in the Plea Agreement of co-defendant Andy Dass, signed on August 14, 2019, he made similar agreements as to the property listed above, including that he would consent to the above sums being placed in the Court's Registry and used towards satisfaction of the restitution order expected to be imposed against Anna Dass.

Defendant acknowledges and agrees that nothing in this Agreement precludes the United States from pursuing statutorily permitted enforcement action and any and all remedies to collect restitution once a restitution order is imposed. The United States does not waive any rights or remedies as a means to reimburse fraud victims.

## Forfeiture

22. Defendant stipulates and agrees that the property listed as item 4 in the Superseding Indictment's Notice of Forfeiture is subject to forfeiture as property involved in the Count 27 money laundering. Defendant agrees to the forfeiture of the $500,000.

23. Defendant stipulates and agrees that a portion of the property (investment in a limited partnership) listed as items 6 and 7 in the Superseding Indictment's Notice of Forfeiture is subject to forfeiture, whether criminal or civil. Defendant agrees that $191,791.65 of the $360,000.00 invested in ESP was proceeds of health care fraud subject to forfeiture. Defendant agrees that $166,108.43 of the $525,000.00 invested in TCSH was proceeds of health care fraud subject to forfeiture. The parties will discuss the possibility of the forfeiting liquid funds in lieu of and in substitution for the investment in order to obtain the portion traceable to proceeds; or of placing liquid funds in the Court's Registry for restitution in substitution for the proceeds portion of the investment. In particular, but without limitation, Defendant stipulates that Defendant will make no claim to the property (or the funds tendered in lieu of the property):

   5. The proportion of $191,791.65 divided by $360,000.00 invested in a third-party limited partnership known as ESP (and any proportional resulting dividends or owner distributions), purchased on or about October 14, 2016, and held in the name of Anukul Dass.

   6. The proportion of $166,108.43 divided by $525,000.00 invested in a third-party limited partnership known as TCSH (and any proportional resulting dividends

or owner distributions), purchased on or about October 31, 2016, and held in the name of Anurag Dass.

24. Defendant stipulates and agrees that Defendant obtained at least $928,621.16 from the criminal offenses and that the factual basis for the guilty plea supports the forfeiture of $928,621.16. Defendant agrees to the imposition of a money judgment in the amount of $928,621.16. Defendant understands that the forfeiture of specific property will be credited against the money judgment amount. Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $928,621.16.

25. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

26. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

27. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

28. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

29. This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

30. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _8/15_, 20_19_

X _[signature] Klaus_
　　Defendant

Subscribed and sworn to before me on _August 15_, 2019.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _[signature]_
　　Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _[signature]_
　　Assistant United States Attorney
　　Southern District of Texas
　　Telephone:
　　Facsimile:

_[signature]_
Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. 17-CR-649-S1-02 |
| ANURAG DASS, a/k/a ANNA DASS | § | |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his/her rights with respect to the pending Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____      ___8/15/19___
Attorney for Defendant                Date

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____      ___8/15/19___
Defendant                             Date

15